IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE:  APPLICATION OF

SASHA DIGIULIAN

 and                                                                       Case No.: 1:17-mc-3327 (RMM)

JOHN CHARLES DIGIULIAN

        Petitioners,

FOR SUBPOENA FOR DOCUMENTS AND
TO PRODUCE TESTIMONY FROM
EDWARD T. CULLEN, M.D.

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF REQUEST FOR
AUTHORIZATION TO ISSUE SUBPOENAS FOR RECORDS AND DEPOSITION**

      COME NOW, Petitioners SAHSA DIGIULIAN and JOHN CHARLES DIGIULIAN, by counsel, and pursuant to the Court's request in its February 28, 2018 Minute Order, respectfully submit this Supplemental Memorandum:

**I.**       **Background.**

      1.     As previously provided in their pleadings, the Petitioners have sound evidence that Rita DiGiulian was not of sound mind and/or was under undue influence at the time she endorsed an April 29, 2015 will – a will that specifically disinherited the Petitioners.

      2.     In a video deposition taken on June 5, 2015, approximately five weeks later in an unrelated civil matter, Ms. DiGiulian is disoriented as to time and place and she is unaware of her surroundings.  She is unable to accurately recall her correct residence or to recognize her own lawyer, who is sitting next to her in the room.  She is unable to state her date of birth and she references her belief in facts that are untrue as to her family and estate.

3.  But for the April 29, 2015 will, the Petitioners would have been entitled under a pre-existing March 21, 2013 will to *per stirpes* shares of certain real estate located in the Province of Quebec, Canada.

4.  In the past week, after many requests, Petitioners have also been provided with a March 21, 2013 trust related to Rita DiGiulian's estate.

## II. Relevance of Medical Records from January 1, 2013 to June 30, 2015.

5.  Rita DiGiulian's medical state during the period immediately surrounding the April 29, 2015 will and the June 5, 2015 deposition are relevant to her capacity to execute a will with the understanding of the nature and consequences of said will. Moreover, there is a concern that she may have been subject to and susceptible to undue influence. Petitioners seek to know from her records whether there was any special medical event or circumstance that lead to her apparent dementia-type behavior during the June 5, 2015 deposition.

6.  Furthermore, to the extent that the April 29, 2015 will is invalid, Rita DiGiulian's March 21, 2013 will and the aforementioned trust become the only known operative estate documents, and thus her mental state leading up to and after the endorsement of those documents is relevant.

7.  To the extent it is shown that Rita DiGiulian was incompetent and/or unduly influenced at or around April 29, 2015, the question becomes: how long was she in such a state or under such influence?

## III. Importance of Deposition Testimony from Dr. Cullen.

8.  Petitioners wish to reiterate the second, and potentially more important, part of their request: that they be authorized to subpoena Dr. Cullen and depose him.

9. The purpose of this proceeding is in aid of a foreign Canadian proceeding. *See* 28 U.S.C. 1782(a). Dr. Cullen cannot be subpoenaed to appear in Canada to testify as to his records, observations, and/or opinions regarding his treatment of Rita DiGiulian. The only effective way to produce his testimony in Canada, whether as direct evidence or evidence to be relied upon by other medical professionals, is via deposition in the United States.

10. To the extent the Petitioners desire to retain a medical expert in Canada, having both Dr. Cullen's records and the ability to question Dr. Cullen about his observations and diagnoses would provide valuable information that an expert could rely upon in assessing Rita DiGiulian's capacity and susceptibility to undue influence during the periods in question.

**WHEREFORE**, Petitioners SAHSA DIGIULIAN and JOHN DIGIULIAN respectfully request that the Court award them the following relief:

A. That an Order issue authorizing the Petitioners to subpoena Dr. Cullen for a deposition; and

B. That an Order issue authorizing the Petitioners to subpoena Dr. Cullen's medical records for Rita DiGiulian from January 1, 2013 through June 30, 2015; and

C. That the Court award to Petitioners such other and further general relief as the nature of this cause requires.

                                                    Respectfully submitted,

                                                    SASHA DIGIULIAN and
                                                    JOHN CHARLES DIGIULIAN
                                                    Petitioners
                                                    By Counsel

GREENBERGCOSTLE, PC

By: _____/S/_____
Caroline E. Costle (Bar ID: 455873)
8027 Leesburg Pike, Suite 302
Tysons Corner, Virginia 22182
Telephone: (703) 448-3007
Fax: (703) 821-1144
CEC@GreenbergCostle.com
*Counsel for Petitioners*

## CERTIFICATE OF FILING

I HEREBY CERTIFY that on March 9, 2018, a true and accurate copy of the foregoing was filed with the Clerk using the CM/ECF electronic filing system.

_____/S/_____
Caroline E. Costle (Bar ID: 455873)
8027 Leesburg Pike, Suite 302
Tysons Corner, Virginia 22182
Telephone: (703) 448-3007
Fax: (703) 821-1144
CEC@GreenbergCostle.com
*Counsel for Petitioners*