# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| IN RE APPLICATION OF SASHA DIGIULIAN AND JOHN CHARLES DIGIULIAN FOR SUBPOENA FOR DOCUMENTS AND TO PRODUCE TESTIMONY FROM EDWARD T. CULLEN, M.D. | ) ) ) ) Case No.: 1:17-mc-3327 (RMM) ) ) ) ) |

## MEMORANDUM OPINION

Petitioners Sasha DiGiulian and John Charles DiGiulian ("Petitioners") seek an order from the Court, pursuant to 28 U.S.C. § 1782, approving the issuance of a subpoena that would direct Dr. Edward T. Cullen ("Respondent" or "Dr. Cullen") to produce medical records and appear and testify at a deposition. *See Ex Parte* Pet. for Order Produce Docs. and Test. for Use in Foreign Proceeding ("Petition") at 1, ECF No. 1. Petitioners intend to use this discovery to challenge the validity of their paternal grandmother's will in a proceeding pending before a court in Quebec, Canada. *See id.*; Pet'rs' Mot. for Entry Order Authorizing Subpoenas ("Mot. for Entry Order"), ECF No. 3. Dr. Cullen did not oppose the Petition, and appears to have voluntarily provided some of the records that Petitioners seek. *See* Mot. for Hr'g Regarding Entry Order Authorizing Subpoenas and Dep. ("Mot. for Hr'g II") ¶ 4, ECF No. 6. Having considered the Petition, related filings,[1] and applicable law, the Court GRANTS the Petition.

---

[1] Pet., ECF No. 1; Mot. for Entry Order; Mot. for Hr'g II; Mot. for Hr'g Regarding Entry Order Authorizing Subpoenas and Dep. ("Mot. for Hr'g I"), ECF No. 4; Suppl. Mem. in Supp. Request Authorization Issue Subpoenas for Records and Dep. ("Suppl. Mem."), ECF No. 5.

**BACKGROUND**

On December 14, 2017, Petitioners filed an *ex parte* petition pursuant to 28 U.S.C. § 1782, seeking an order authorizing the issuance of discovery for use in a foreign proceeding in Canada. *See* Pet. at 1. Specifically, Petitioners wish to issue a subpoena to compel Dr. Cullen to appear for a deposition and produce certain medical records. *See id.* In the Petition, Petitioners advised the Court that they "imminently" intended to file an action in Quebec Superior Court challenging the validity of the April 29, 2015 will of their paternal grandmother, Rita DiGiulian, based on her alleged mental incapacity and undue influence. *Id.*; Pet., Ex. A ("Steinberg Decl.") ¶¶ 6, 13, ECF No. 1-2. Petitioners have since advised the Court that they filed the action in the Quebec court on February 15, 2018. Mot. for Hr'g I ¶ 7.

At the time of her death on January 27, 2017, Rita DiGiulian jointly owned a piece of real estate in Quebec, Canada, with Petitioners' mother, Andrea DiGiulian. *See* Steinberg Decl. ¶ 12. Petitioners indicate that they have possession of two wills purportedly endorsed by Rita DiGiulian as her last will and testament that pertain to this jointly owned property: (1) a March 21, 2013 will providing that Petitioners, as issue of Rita DiGiulian's predeceased son and Petitioners' father, would each receive 50 percent of Rita DiGiulian's joint ownership interest in the property; and (2) an April 29, 2015 will, altering the 2013 will and divesting Petitioners of all interest in Rita DiGiulian's joint ownership interest in the property. *Id.* ¶ 13. Petitioners also assert that Rita DiGiulian exhibited signs of dementia during a June 5, 2015 video deposition taken in an unrelated matter. *Id.* ¶ 15; Mem. in Supp. Pet. ("Mem. in Supp.") at 2, ECF No. 1-1. Petitioners note that in this deposition, Rita DiGiulian was unable to recognize or identify her own lawyer or remember personal details, including her birth date, her residence at the time, and her grandchildren's names. Steinberg Decl. ¶ 15.

Petitioners state that from 2013 to 2017, Dr. Cullen served as Rita DiGiulian's primary care physician. Steinberg Decl. ¶ 18. Prior to the June 5 video deposition, Dr. Cullen allegedly described Rita DiGiulian's health as fragile. *See* Mem. in Supp. at 2. Petitioners assert that for these reasons, Dr. Cullen's records and testimony regarding Rita DiGiulian are relevant and necessary for their Canadian proceeding. Pet. at 1–2; Steinberg Decl. ¶ 23. Specifically, in addition to deposition testimony, Petitioners seek the following documents from Dr. Cullen:

1. Rita DiGiulian's medical records from January 1, 2013 through June 30, 2015, including, but not limited to all notes, charts, test results or other writings;

2. All letters, correspondence, emails, and other documents between Dr. Cullen's and/or his office and third persons in which Dr. Cullen references Rita DiGiulian's medical/mental state, from January 1, 2013 through June 30, 2015;

3. All records, letters, correspondence, emails, and other documents received by Dr. Cullen and/or his office related to Rita DiGiulian's treatment, and/or upon which Dr. Cullen or his office relied, related to Rita DiGiulian's medical treatment, from January 1, 2013 through June 30, 2015;

4. All prescriptions written by Dr. Cullen for Rita DiGiulian from January 1, 2013 through June 30, 2015;

5. All medical referrals by Dr. Cullen for Rita DiGiulian from January 1, 2013 through June 30, 2015; and

6. All other documents and/or things in Dr. Cullen's possession, custody or control, that are relevant to Rita DiGiulian's mental and/or medical state between January 1, 2013 and June 30, 2015.

Mem. in Supp. at 3.

On December 28, 2017, the Court entered an Order to Show Cause directing Petitioners to serve the Order and the Petition upon Dr. Cullen, and directing Dr. Cullen to file a response by January 22, 2018 if he intended to oppose the Petition. *See* Order to Show Cause, ECF No. 2. Petitioners timely served the Order and Petition on Dr. Cullen by facsimile and by hand delivery to his office in Bethesda, Maryland. *See* Mot. for Entry Order ¶¶ 4–5 & Exs. A–C. Dr. Cullen

has filed no opposition, and Petitioners represent that Dr. Cullen has voluntarily provided some of the requested medical records. Mot. for Hr'g II ¶ 4. In accordance with a request from the Court, Petitioners also filed a supplemental memorandum regarding the rationale for their identification of January 1, 2013 to June 30, 2015 as the relevant time frame for the documents sought. *See* 2/28/2018 Minute Order; Suppl. Mem.

## LEGAL STANDARD

28 U.S.C. § 1782 authorizes district courts to order a person who resides or is found within the district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . upon the application of any interested person." 28 U.S.C. § 1782(a). The statute does not, however, authorize the Court to compel a person "to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege." *Id.* Absent a court order to the contrary, the compelled discovery must be taken or produced "in accordance with the Federal Rules of Civil Procedure." *Id.*

The court "is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). Rather, the court must consider "first, whether it is authorized to grant the request, and second, whether it should exercise its discretion to do so." *Norex Petroleum Ltd. v. Chubb Ins. Co. of Canada*, 384 F. Supp. 2d 45, 49 (D.D.C. 2005) (citing *Intel*, 542 U.S. at 264); *see also In re Barnwell Enters. Ltd.*, 265 F. Supp. 3d 1, 8 (D.D.C. 2017) (citing *Lazaridis v. Int'l Ctr. for Missing & Exploited Children, Inc.*, 760 F. Supp. 2d 109, 112 (D.D.C. 2011)).

4

## DISCUSSION

**I.     The Court's Authority to Grant the Request**

The Court's authority to grant a request for discovery under Section 1782 turns on the following three criteria: "(1) the person from whom discovery is sought must reside in or be found within the district; (2) the discovery must be for use in a proceeding before a foreign or international tribunal; and (3) the application must be made by a foreign or international tribunal or any interested person." *In re Leret*, 51 F. Supp. 3d 66, 70 (D.D.C. 2014) (citing 28 U.S.C. § 1782(a)); *see also In re Barnwell*, 265 F. Supp. 3d at 8–9; *Lazaridis*, 760 F. Supp. 2d at 112. The Petition satisfies all three requirements.

First, the record indicates that Dr. Cullen, from whom the Petitioners seek documents and testimony, resides or may be found in the District of Columbia. Public real estate records from the District of Columbia list Dr. Cullen's residence as an address in Northwest Washington, D.C. *See* Steinberg Decl. ¶ 19; *see also* Mem. in Supp. at 5. Dr. Cullen neither opposed the Petition nor disputed Petitioners' representations regarding his residence. Thus, although Dr. Cullen maintains an office in Bethesda, Maryland, his status as a D.C. resident brings him within the Court's authority under Section 1782. *Cf. In re Leret*, 51 F. Supp. 3d at 70 (finding the condition met where individual's residence was uncontested).

Second, the record clearly indicates that Petitioners intend to use the requested discovery in a foreign tribunal. Petitioners seek records and testimony from Dr. Cullen in connection with a Quebec Superior Court action challenging the validity of Rita DiGiulian's 2015 Canadian will. *See* Mem. in Supp. at 5; Steinberg Decl. ¶ 14. Section 1782 does not require proceedings to be "pending" or "imminent," and permits courts to authorize discovery provided that the foreign proceedings are "within reasonable contemplation" when the request for judicial assistance is

filed. *Intel*, 542 U.S. at 258–59 (also noting by parenthetical, "[i]t is not necessary . . . for the [adjudicative] proceeding to be pending at the time the evidence is sought, and that the statute requires only that the evidence is eventually to be used in such a proceeding" (alteration in original) (quoting Hans Smit, *International Litigation Under the United States Code*, 65 Colum. L. Rev. 1015, 1026 (1965))); *see also Lazaridis*, 760 F. Supp. 2d at 112. Petitioners clearly contemplated filing a matter in a foreign tribunal at the time the Petition was filed, and Petitioners subsequently initiated the action in the Quebec Superior Court on February 15, 2018. *See* Mem. in Supp. at 5; Mot. for Hr'g I ¶ 7. Accordingly, Petitioners meet the second requirement.

Third, and finally, Petitioners are "interested persons" in the Quebec Superior Court action. *See* Mem. in Supp. at 6. Petitioners initiated that action to contest the validity of their paternal grandmother's April 2015 will and may benefit if that will is declared invalid. *See id.*; Steinberg Decl. ¶¶ 11–14. In sum, Petitioners satisfy each of the statutory criteria, and this Court has the authority to grant Petitioners' request.

## II. The Court's Exercise of its Discretion

Having concluded that the Court has the authority to grant Petitioners' request, the Court next must decide whether to exercise its discretion to do so. The Supreme Court has outlined four factors which may "bear consideration" as part of this analysis: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding . . . [if so] the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the . . . court . . . abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to

6

circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264–65. The Supreme Court neither mandated that lower courts weigh those factors, nor "articulate[d] a formula for their consideration." *In re an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, No. 17-1466 (BAH), 2017 WL 3708028, at *3 (D.D.C. Aug. 18, 2017); *see also HT S.R.L. v. Velasco*, 125 F. Supp. 3d 211, 222 (D.D.C. 2015) (quoting *Intel*, 542 U.S. at 264–65) (noting that the "Supreme Court has declined 'to adopt supervisory rules'"). Nonetheless, the Court will use the *Intel* framework to evaluate the Petition, while remaining mindful of "§ 1782(a)'s twin aims of providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Intel*, 542 U.S. at 252 (citation omitted) (internal quotation marks omitted); *see also In re Barnwell*, 265 F. Supp. 3d at 9 (citing *Lazaridis*, 760 F. Supp. 2d at 114).

A.  **Dr. Cullen's Involvement in the Canadian Proceeding**

Section 1782 provides a means of procuring evidence from individuals who are not participants in foreign proceedings and thus "may be outside the foreign tribunal's jurisdictional reach." *Intel*, 542 U.S. at 264. Petitioners aver that Dr. Cullen is not a participant in the Canadian proceedings and that he is neither a citizen nor a resident of Canada. *See* Mem. in Supp. at 6–7; Steinberg Decl. ¶ 22. Accordingly, Dr. Cullen would be a "third-party fact witness and/or expert witness in the Canadian proceedings." Mem. in Supp. at 7. Although Dr. Cullen has provided some records to Petitioners voluntarily, Petitioners and the Canadian court lack the "legal authority to command [Dr. Cullen's] attendance[,] his production of documents," or his

7

testimony. Steinberg Decl. ¶ 22. Therefore, this factor weighs in favor of granting Petitioners' request.

> B. **Nature of the Foreign Tribunal, Character of the Proceedings, and Receptivity of the Court**

The Court next evaluates whether the nature of the foreign tribunal, the character of the proceedings, and the receptivity of the court to U.S. judicial assistance weigh in favor of granting Petitioners' request. *See Intel*, 542 U.S. at 264. The proceedings are before the Quebec Superior Court, which is the proper forum in which to "challenge the validity of a will based upon capacity and undue influence." Steinberg Decl. ¶ 14. As one would expect such proceedings to involve the submission and exchange of factual evidence regarding the decedent's mental and physical health, the nature of the proceedings favors granting Petitioners' request. *See generally In re Barnwell*, 265 F. Supp. 3d at 11–12 (favorably noting that petitioners would likely be permitted to present evidence and engage in discovery in the foreign proceedings); *In re Caratube Int'l Oil Co.*, 730 F. Supp. 2d 101, 106 (D.D.C. 2010) (concluding nature of tribunal counseled against granting request where parties had agreed to arbitration and the procedural rules governing that process).

"To determine whether the character of the foreign proceeding favors permitting discovery, courts analyze how far along the foreign suit is in the discovery process." *HT S.R.L.*, 125 F. Supp. 3d at 223. The proceedings in Canada began in February 2018, and the discovery request was made in anticipation of these proceedings. *See* Mem. in Supp. at 5; Mot. for Hr'g I ¶ 7. The fact that Petitioners promptly sought this discovery, and that the Canadian proceedings have not been pending for long, weighs in favor of granting Petitioners' request. *See HT S.R.L.*, 125 F. Supp. 3d at 223–24 (concluding character of proceedings weighed in favor of granting

request where foreign proceeding was in its early stages and the petitioners sought discovery without delay).

Finally, when assessing the receptiveness of the foreign court to U.S. judicial assistance, it is not necessary to conduct an "extensive examination of foreign law regarding the existence and extent of discover in the forum country." *In re Caratube*, 730 F. Supp. 2d at 105–06 (quoting *In re Euromepa, S.A.*, 51 F.3d 1095, 1099 (2d Cir. 1995)) (internal quotation marks omitted). Instead, the court "should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782." *Id.* (internal quotation marks omitted); *see also In re Barnwell*, 265 F. Supp. 3d at 10–11. Here, nothing in the record suggests that the Canadian court would reject evidence obtained through this request. *See* Mem. in Supp. at 7. To the contrary, Mr. Steinberg asserts, based on his years of experience practicing in that jurisdiction, that "the Quebec Superior Court would accept Dr. Cullen's records and testimony . . . so long the rules of evidence and civil procedure are followed." Steinberg Decl. ¶ 21. Therefore, this factor weighs in favor of granting Petitioners' request. *See In re Barnwell*, 265 F. Supp. 3d at 11 (quoting *In re Veiga*, 746 F. Supp. 2d 8, 24 (D.D.C. 2010)) (concluding receptiveness of foreign tribunal weighed in favor of granting discovery given the absence of any "clear and unequivocal indication that the foreign tribunal would not be receptive to the evidence sought").

### C. Whether the Request is an Attempt to Circumvent Foreign Proof-Gathering Restrictions or Other Policies

The third *Intel* factor considers whether Petitioners' request is an attempt to circumvent foreign proof-gathering restrictions or other policies. *See Intel*, 542 U.S. at 264–65. When evaluating this factor, courts may consider whether the party attempted to obtain discovery in the foreign jurisdiction before seeking discovery through Section 1782. *See In re Caratube*, 730 F.

Supp. 2d at 107. However, "litigants are not required to seek discovery through the foreign tribunal prior to requesting through the United States." *HT S.R.L.*, 125 F. Supp. 3d at 225–26; *see also In re Veiga*, 746 F. Supp. 2d at 24. As discussed above, given Dr. Cullen's status as a non-resident and non-citizen of Canada, the Quebec Superior Court lacks the authority to compel Dr. Cullen to testify or produce records. *See* Steinberg Decl. ¶ 22; *see also* Mem. in Supp. at 8. Nothing in the record indicates that the rules and procedures governing Quebec Superior Court proceedings would preclude parties from obtaining such evidence from individuals who are subject to that court's jurisdiction. Accordingly, the Petition is not an attempt to improperly circumvent foreign procedural rules or evidentiary restrictions, and this factor weighs in favor of granting Petitioners' request.

### D. Whether the Request is Unduly Intrusive or Burdensome

The fourth *Intel* factor evaluates the scope of the requested discovery, asking whether it is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265 (noting that "unduly intrusive or burdensome requests may be rejected or trimmed"). Courts have interpreted this inquiry to encompass "the relevance of the requested discovery to the foreign proceeding." *In re an Order Pursuant to 28 U.S.C. § 1782*, 2017 WL 3708028, at *4 (citing *In re Veiga*, 746 F. Supp. 2d at 19).

Petitioners seek to subpoena Dr. Cullen for a deposition and the production of medical records reflecting Dr. Cullen's treatment of Rita DiGiuilian between January 1, 2013 and June 30, 2015. *See* Mem. in Supp. at 3. Petitioners have explained that the medical records from this time period are relevant to establishing Rita DiGiulian's medical and mental state at three significant moments: (1) when she testified at a deposition on June 5, 2015 deposition; (2) when she executed a will on April 29, 2015 will; and (3) when she executed a will on March 21, 2013.

10

*See* Suppl. Mem. ¶¶ 5–7. Petitioners further assert that they wish to depose Dr. Cullen so that he can provide testimony regarding his "records, observations, and/or opinions." *Id.* ¶ 9. Petitioners and their counsel intend to use Dr. Cullen's records and testimony "to investigate and prepare the Petitioners' action; to provide grounds for expert witness review and potential expert opinions; and . . . as substantive evidence in the action." Steinberg Decl. ¶ 20 & ¶ 23 (noting relevance of "medical testimony and/or medical records of the testator's treating physician . . . to the testator's mental capacity").

The discovery Petitioners seek is clearly relevant to the issues in dispute in the Quebec Superior Court proceeding and is narrowly tailored to provide facts Petitioners need to contest the will. The fact that Dr. Cullen has voluntarily provided some of the information Petitioners seek, and has not objected to the Petition, indicates that the request is not unduly burdensome. Therefore, this factor weighs in favor of granting the Petition. In sum, the *Intel* factors all counsel in favor of granting the Petition, and the Court will exercise its discretion to do so.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Petitioners' *Ex Parte* Petition for Order to Produce Documents and Testimony for use in a Foreign Proceeding, ECF No. 1; DENIES as moot Petitioners' Motion for Entry of Order Authorizing Subpoenas, ECF No. 3; and DENIES as moot Petitioners' Motion for Hearing Regarding Entry of Order Authorizing Subpoenas and Deposition, ECF No. 6. A separate Order will accompany this Memorandum Opinion.

Dated: April 23, 2018

ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE